**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **PROGESSIVE SPECIALTY INSURANCE COMPANY,** ) ) ) | |
|    **Plaintiff,** ) ) | |
| **v.** ) ) | **Case No.:** |
| **ECO HEATING & COOLING, LLC CHRISTOPHER BRISHKE KATHLEEN HOLM** ) ) ) ) | |
|    **Defendants.** ) | |

**PROGRESSIVE SPECIALTY INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, the Plaintiff, Progressive Specialty Insurance Company, and files this Complaint for Declaratory Judgment:

**<u>Parties to the Declaratory Judgment Action</u>**

1. Progressive Specialty Insurance Company is an insurance company organized under the laws of the State of Ohio, with its principal place of business located in the State of Ohio, and it is authorized to do business in the State of Alabama.

2. Progressive Specialty Insurance Company issued a Businessowners Policy to Eco Heating and Cooling, LLC with Policy No. PGR973092833, with a

1

Policy period of June 1, 2024, to June 1, 2025. A copy of the Policy is attached as Exhibit "A."

3.    Eco Heating and Cooling is an Alabama limited liability company organized under the laws of the State of Alabama with its principal place of business in Alabama.

4.    Christopher Brishke is the owner/president of Eco Heating and Cooling and believed to be the only member of the limited liability company.

5.    Brishke is a resident citizen of Alabama.

6.    Kathleen Holm is a resident citizen of Alabama.

**General Facts of State Court Complaint**

7.    On or about January 8, 2025, Kathleen Holm filed suit in the Circuit Court of Geneva County, Alabama, with Civil Action No. 34-CV-2025-900119, against Eco[1] Heating & Cooling LLC and Christopher Brishke, alleging negligence, wantonness, breach of contract, breach of implied warranty of workmanlike performance, fraudulent misrepresentation and suppression, and outrage (sexual harassment).

8.    Specifically, Holm claims she hired Eco Heating and Cooling to install a new HVAC system and Eco and Brishke did so incorrectly by failing to properly

---

[1] Incorrectly identified as Echo Heating and Cooling, LLC in the state court Complaint.

2

seal the supply plenum, among other things, which she asserts was merely taped and left with significant gaps, which caused the HVAC system to pull air from her attic that was unconditioned and laden with decades-old fiberglass insulation and other contaminants and circulate that air throughout her home causing health issues.

9.     Holm claims that breathing the circulated fiberglass and other contaminants led her to develop health issue and otherwise suffer adverse health effects.

10.    Holm also claims she contacted Brishke regarding the issues and he sent unwanted, sexually explicit text messages with nude photographs to Ms. Holm.

11.    Eco Heating and Cooling has filed a claim against its Progressive Specialty Insurance Company Policy for defense and indemnification as to the claims asserted by Kathleen Holm in the state court Complaint.

12.    Progressive Specialty Insurance Company is providing a defense to Eco Heating and Cooling and Brishke under a Reservation of Rights.

## Jurisdiction Under 28 U.S.C. § 2201

13.    Progressive Specialty Insurance Company brings this Declaratory Judgment action pursuant to the provisions of 28 U.S.C. § 2201 to determine the rights and duties of the parties.

14.    Specifically, Progressive Specialty Insurance Company alleges it has no duty to defend and no duty to indemnify Eco Heating and Cooling in the lawsuit

filed by Kathleen Holm against Eco Heating and Cooling and Christopher Brishke based on the application of policy provisions, endorsements, and exclusions, identified in detail below and contained within the Policy documents attached as Exhibit "A."

15.    An actual justiciable controversy between Progressive Specialty Insurance Company and the Defendants exists within the meaning of 28 U.S.C. § 2201 regarding whether Progressive Specialty Insurance Company has a duty to defend and/or indemnify Eco Heating and Cooling and Brishke with respect to the claims asserted by Kathleen Holm in the underlying tort action which was filed in the Circuit Court of Geneva County, Alabama.

## **Diversity Jurisdiction**

16.    "The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. 1332(a)(1); *see also Collins v. Novartis Pharms. Corp.*, 2015 WL 178157 (M.D. Ala. Jan. 14, 2015).

17.    This Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

### a.   Diversity of Citizenship:

18.   Diversity jurisdiction requires that the plaintiff be a citizen of a state different from that of any of the defendants. *Bel-Bel Int'l Corp. v. Community Bank,* 162 F.3d 1101, 1106 (11th Cir. 1998).

19.   For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . ." *Id.*

20.   Progressive Specialty Insurance Company is an insurance company organized under the laws of the State of Ohio, with its principal place of business located in the State of Ohio.

21.   No Defendant to this declaratory judgment action is a resident citizen of the State of Ohio.

22.   Defendant Eco Heating and Cooling, LLC is an Alabama limited liability company organized under the laws of the State of Alabama, with its principal place of business located in the State of Alabama.

23.   A limited liability company is a citizen of any state of which a member of the company is a citizen. *Lifsey v. Wal-Mart Stores E., LP*, 2026 U.S. Dist. LEXIS 27108, at *2 (M.D. Ala. Feb. 10, 2026)(*quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).

24. Eco Heating and Cooling's sole member is Christopher Brishke and he is a resident citizen of the State of Alabama.

25. Kathleen Holm is a resident citizen of the State of Alabama.

26. Therefore, complete diversity of citizenship exists because all Defendants have a different citizenship than Plaintiff Progressive Specialty Insurance Company.

### b. Amount in Controversy:

27. "In a declaratory judgment action, the amount in controversy 'is the monetary value of the object of the litigation from the plaintiff's perspective.'" *Evanston Ins. Co. v. Yeager Painting, LLC*, 2017 WL 7199654, at *3 (N.D. Ala. Dec. 13, 2017)(*citing Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).

28. "[W]hen an insurer seeks a judgment declaring the absence of liability under a policy, the value of declaratory relief to the plaintiff insurer is the amount of *potential* liability under its policy." *Id.* (*citing First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 Fed.Appx. 861, 865 (11th Cir. 2016)(emphasis in original).

29. The Eleventh Circuit has held that courts "may use their judicial experience and common sense" and "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine

whether it is facially apparent' that the amount in controversy exceeds $75,000, and may 'appraise the worth of plaintiff's claims based on the nature of the allegations stated in their complaints.'" *Id.* (*citing Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-63 (11th Cir. 2010)).

30.   Progressive Specialty Insurance Company issued a Policy of Insurance to Eco Heating and Cooling, Inc., which affords $1,000,000.00 in coverage for liability and medical expenses and $2,000,000.00 in coverage for products/completed operations aggregate.

31.   Reasonable deductions and inferences from the Complaint filed in State Court make clear that the amount in controversy exceeds $75,000.00.

32.   Moreover, the amount of potential liability under the Progressive Specialty Insurance Policy well exceeds the jurisdictional minimum of $75,000.00.

33.   "[F]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective. Stated another way, the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *Am. Nat'l Prop. & Cas. Co. v. Gulf Coast Aerial, LLC*, 2019 WL 4131107, at *5 (S.D. Ala. Aug. 29, 2019)(*citing S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–16 (11th Cir. 2014)). "While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be

sufficiently measurable and certain to satisfy the amount-in-controversy requirement." *Id.*

34.    When "an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of *potential* liability under its policy." *Id.* (*citing First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016)). Therefore, in such cases, "the amount in controversy include[s] both the insurance company's potential liability and attendant costs associated with defending an underlying action against the insured." *Id.*

35.    The amount of potential liability and the "attendant costs," which include attorney's fees and other costs, associated with defending the underlying tort action well exceed the jurisdictional minimum.

36.    Therefore, this Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

### The Progressive Specialty Insurance Company Policy

37.    Progressive issued a Businessowners Policy No. PGR973092833 to Eco Heating & Cooling LLC, with effective dates June 1,2024, to June 1, 2025, providing liability and other coverages, subject to all terms, conditions, exclusions, and endorsements.

38.   The Policy contains the following provisions, exclusions, and endorsements:

**Progressive Business Owners Policy**

\* \* \*

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Paragraph **D.** Liability and Medical Expenses Limits of Insurance in Section **II** — Liability; and

(2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension — Supplementary Payments.

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period; and

(c) Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

## B. Exclusions

### 1. Applicable to Business Liability Coverage

This insurance does not apply to:

**a.  Expected or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*\*

**f.    Pollution**
**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

10

*\*\**

### k. Damage to Property

"Property damage" to:

*\*\*\**

(5)  That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

(6)  That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

### l.  Damage to Your Product

"Property damage" to "your product" arising out of it or any part of it.

### m. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

### n. Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

11

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

### o. Recall of Products, Work or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";
(2) "Your work"; or
(3) "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

## F. Liability and Medical Expenses Definitions

\*\*\*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time

\*\*\*

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.  You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by:

(1) The repair, replacement, adjustment or removal of "your product" or "your work"; or

(2) Your fulfilling the terms of the contract or agreement.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

17. "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\*\*\*

22. "Your work":
   a. Means:

   (1) Work or operations performed by you or on your behalf; and

13

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

\* \* \*

**BUSINESSOWNERS
BP 04 93 01 06**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**TOTAL POLLUTION EXCLUSION WITH A BUILDING HEATING EQUIPMENT EXCEPTION AND A HOSTILE FIRE EXCEPTION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

Exclusion **B.1.f. Pollution** in **Section II – Liability** is replaced by the following:

This insurance does not apply to:

f. **Pollution**

(1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

## B205 08 21 ASSAULT OR BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:

**BUSINESSOWNERS COVERAGE FORM**

A.     The following is added to Paragraph 1**. Applicable To Business Liability Coverage** under Section **B.**

**Exclusions:**
This insurance does not apply to:

**Assault Or Battery**

"Bodily injury", "property damage" or "personal and advertising injury" arising from "assault" or "battery" or other similar violent act, any act or omission in connection with the prevention or suppression of "assault" or "battery" or other similar violent act, or failure to act in the prevention or suppression of "assault" or "battery" or other similar violent act.

(1) This exclusion applies regardless of the degree of culpability or intent and without regard to whether the acts are alleged to be by or at the instigation, instruction or the direction of:

(a) An insured;

(b) An Insured's agents or servants;

(c) Any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or

(d) Any other person;

(2) This exclusion applies even if the claims against any insured allege negligence or other wrong doing in the supervision, hiring, employment, training or monitoring of others by that insured; and

(3) This exclusion also applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with

15

or repay someone else who must pay damages because of the injury or damage.

**B.** The following is added to Paragraph **2. Applicable To Medical Expenses Coverage** under Section **B.**

**Exclusions:**
We will not pay expenses for "bodily injury":

To any person arising out of "assault" or "battery" or other similar violent act.

**C.** Exclusion **1.a.** of Paragraph **B. Exclusions** is replaced with the following:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**D.** With respect to the coverage provided by this endorsement, the following definitions are added to Paragraph **F.**

**Liability And Medical Expenses Definitions:**

"Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature, except for the use of reasonable force to protect persons or property.

"Battery" means negligent or intentional physical contact with another without consent that results in physical or emotional injury, except for the use of reasonable force to protect persons or property.

This endorsement is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all the terms of the policy.

16

**Progressive Specialty Insurance Company's Averments**

37.     Progressive Specialty Insurance Company avers that the Businessowners Policy issued to Eco Heating and Cooling does not provide coverage for the claims asserted in the underlying actions by Kathleen Holm against Eco or Brishke.

38.     Progressive Specialty Insurance Company avers that Kathleen Holm does not allege an occurrence against Eco Heating and Cooling or Brishke as defined by the Progressive Policy.

39.     Progressive Specialty Insurance Company avers that Kathleen Holm does not allege "property damage" against Eco Heating and Cooling or Brishke as defined by the Progressive Policy.

40.     Progressive Specialty Insurance Company avers that Kathleen Holm does not allege "bodily injury" against Eco Heating and Cooling or Brishke as defined by the Progressive Policy.

41.     Progressive Specialty Insurance Company avers that Kathleen Holm does not allege "personal or advertising injury" against Eco Heating and Cooling or Brishke as defined by the Progressive Policy.

42.     Progressive Specialty Insurance Company avers that the Total Pollution Exclusion bars and excludes coverage under the Policy based on the allegations of Kathleen Holm against Eco Heating and Cooling and Brishke.

17

43.    Progressive Specialty Insurance Company avers that the Assault or Battery Exclusion bars and excludes coverage under the Policy based on the allegations of Kathleen Holm against Eco Heating and Cooling and Brishke.

44.    Progressive Specialty Insurance Company avers that other exclusions or policy provisions apply that disclaims coverage under the Policy to the claims asserted against Eco Heating and Cooling and Brishke.

45.    Progressive Specialty Insurance Company avers that there is no duty to defend Eco Heating and Cooling or Brishke in the underlying state court actions.

46.    Progressive Specialty Insurance Company avers that because there is no duty to defend Eco Heating and Cooling or Brishke in the underlying state court action there cannot be a duty to indemnify Eco Heating and Cooling or Brishke in the underlying state court action as the duty to defend is broader than the duty to indemnify.

47.    Progressive Specialty Insurance Company avers that there is no duty to indemnify Eco Heating and Cooling or Brishke in the underlying state court action.

WHEREFORE, PREMISES CONSIDERED, Progressive Specialty Insurance Company seeks the following relief:

A.    That this Honorable Court take jurisdiction of this case.

18

B.     That the Court Order, Adjudge, and Decree that this is a proper cause for an action for Declaratory Judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status, and liabilities.

C.     That the Court declare that Progressive Specialty Insurance Company has no duty to defend Eco Heating and Cooling or Christopher Brishke in the underlying action filed by Kathleen Holm.

D.     That the Court declare that Progressive Specialty Insurance Company has no duty to indemnify Eco Heating and Cooling or Christopher Brishke in the underlying action filed by Kathleen Holm.

E.     That the Court grant that Progressive Specialty Insurance Company other further and different general relief as to which it may be entitled.

Respectfully submitted,

*s/ Patrick W. Franklin*
Patrick W. Franklin (ASB-I54F-9905)
Attorney for Progressive Specialty
Insurance Company

**Of Counsel:**
Carr Allison
100 Vestavia Parkway
Vestavia Hills, Alabama 35216
pfranklin@carrallison.com
205-822-2006

19

**Via Certified Mail**

Eco Heating & Cooling
966 South Park Ave.
Dothan AL 36301

Christopher Brishke
29 Williamsburg Place
Dothan AL 36305

Kathleen Holm
595 County Road 49
Slocumb AL 36375

s/Patrick W. Franklin
OF COUNSEL